# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ANTHONY BRODZKI,

    Plaintiff,

v.

WINSTAR WORLD CASINO,

    Defendant.

Case No. 10-CIV-308-RAW

## OPINION AND ORDER

Before the court are Plaintiff's Complaint [Docket No. 2] and Motion for Leave to Proceed in Forma Pauperis [Docket No. 3].

### Motion to Proceed in Forma Pauperis

Plaintiff's Motion to Proceed in Forma Pauperis indicates that he is single, is not employed, does not own any real property, has no money in a bank account, and does not own a vehicle. Plaintiff's IFP motion is GRANTED.

### Complaint

The court construes Plaintiff's allegation liberally as he is pro se. See Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff claims that his civil rights have been violated by the Defendant. Plaintiff states he has visited the casino every Saturday since January 2010 and has been assaulted and "batterized" by the casino staff.

### Jurisdiction

Plaintiff has filed this action against Winstar World Casino in Thackerville,

Oklahoma. Pursuant to the Federal Rules of Evidence, a court can take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Further, a court may take judicial notice, whether requested or not. FED. R. EVID. 201(c). The court takes judicial notice that the casino is owned by the Chickasaw Nation of Oklahoma, an Indian tribe.

Federally recognized Indian tribes "possess the same immunity from suit traditionally enjoyed by sovereign powers." Walton v. Pueblo, 443 F.3d 1274, 1277 (10th Cir. 2006). Federal courts do not have jurisdiction to entertain suits against an Indian tribe, absent explicit waiver of immunity or express authorization by Congress. Id, at 1277. The only exception to this general rule is that federal courts have jurisdiction over habeas proceedings. Id., at 1278. None of these factors are present in the instant case. The court, therefore, agrees with the District of Kansas, which stated that "in the area of Indian law, the court must tread lightly." Hartman v. Golden Eagle Casino, Inc., 243 F.Supp.2d 1200 (D.Kansas 2003).

Based on Santa Clara Pueblo v. Martinez, 436 U.S. 49 (1978) and Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc., 523 U.S. 751 (1998), this court does not have jurisdiction over the present lawsuit due to the tribe's sovereign immunity. The court does not take lightly the finality of this Order which dismisses Plaintiff's claims against the tribe. "It is true sovereign immunity may leave Plaintiff without legal redress on her employment

discrimination claims. This is, however, not unprecedented." Medina v. Jicarilla Apache Housing Authority, 2007 WL 1176023 (D.N.M.), quoting Alden v. Maine, 527 U.S. 706, 757 (1999).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> **(I)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994).

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Trujillo v. Williams, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." McKinney v. State of Oklahoma, 925 F.2d 363, 364 (10th Cir. 1991).

## Conclusion

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.

4

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Docket No. 3] is GRANTED.

2. Plaintiff's action is found to be frivolous, that Plaintiff fails to state a claim on which relief can be granted, and that Plaintiff seeks monetary relief against a Defendant that is immune from such relief. This matter is dismissed with prejudice.

Dated this 18th day of August, 2010.

**Dated this 18th Day of August 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0